IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROGER ALAN CONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25CV986 |
| | ) | |
| THE STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER, MEMORANDUM OPINION, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Roger Alan Connell's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, the Court will grant the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

I. DISCUSSION

Connell alleges the State of North Carolina is liable for abuse of power, violation of federal disability laws, excessive fines, race discrimination, and age discrimination stemming two traffic infractions for a failed inspection and the North Carolina Department of Motor Vehicles' requiring Connell to return to the license office three times. *See generally* Compl., Docket Entry 2.

The Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (citation modified). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting

*Twombly*, 550 U.S. at 570). The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in his favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015).

Connell appears to bring his claims under 42 U.S.C. § 1983, which "imposes liability on state actors who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Loftus v. Bobzien*, 848 F.3d 278, 284 (4th Cir. 2017) (quoting *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015)). "To state a claim under § 1983 a plaintiff 'must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Id.* at 284-85 (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). A State is not a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Connell claims the State of North Carolina violated his constitutional and other federally recognized rights. He seeks "restitution," the revocation of the agents' and officers' ability to practice and administer law, the garnishment of the district attorney's, police's, and sheriff's funds, and a permanent exemption inspection sticker for his car. *See* Compl.

The State of North Carolina, the only defendant named, is immune from this suit. Courts have long recognized that "'[u]nder the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity.'" *Cannon v. Peck*, 36 F.4th 547, 574 (4th Cir. 2022) (quoting *Wray v. City of Greensboro*, 802 S.E.2d 894, 898 (N.C. 2017)). In other words, "the State cannot be sued without its consent[.]" *Smith v. State*, 222 S.E.2d 412, 417 (N.C. 1976).

The United States Supreme Court "has permitted a federal court to entertain a suit against a nonconsenting State on two conditions." *Allen v. Cooper*, 589 U.S. 248, 255 (2020). "First, Congress must have enacted 'unequivocal statutory language' abrogating the States' immunity from the suit." *Id.* (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56 (1996)). "And second, some constitutional provision must allow Congress to have thus encroached on the States' sovereignty." *Id.*; *see also Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) ("[S]tate sovereign immunity bars all claims by private citizens against state governments and their agencies,

except where Congress has validly abrogated that immunity or the state has waived it.") (citation omitted).

"Congress has not abrogated sovereign immunity for § 1983 suits[.]" *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979), *overruled on other grounds*, *Hafer v. Melo*, 501 U.S. 21, 27 (1991)). And "North Carolina has not consented to being sued under § 1983 and therefore has not waived sovereign immunity in that context." *Singh v. Univ. of N.C. at Chapel Hill*, 659 F. Supp. 3d 659, 669 (M.D.N.C. 2023).

Therefore, the Court should dismiss Connell's Complaint.

## II. CONCLUSION

It is therefore **ORDERED** that Connell's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

March 11, 2026
Durham, North Carolina